# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, <br><br> *Plaintiff*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-935-PLF <br><br> Judge Paul L. Friedman |

## DECLARATION OF ERICA BALKUM

Pursuant to 28 U.S.C. § 1746, I, Erica Balkum, declare as follows:

1. I am the Chief, Office of Case Intake and Publication ("CIP"), at the Federal Labor Relations Authority ("FLRA"). The FLRA is an administrative federal agency created by Title VII of the Civil Service Reform Act of 1978, also known as the Federal Service Labor-Management Relations Statute ("FSLMRS"), 5 U.S.C. §§ 7101–7135. The FLRA is organized into three statutory components: (1) the three-member Authority; (2) the Office of the General Counsel; and (3) the Federal Service Impasses Panel. As the Chief, pursuant to 5 U.S.C. § 7133, I oversee the office that publishes decisions and orders in proceedings before the three-member Authority. I have served in this capacity for two years.

2. When a case is filed with the three-member Authority, and there is a question as to whether the Authority has jurisdiction, it is typical for the Authority to send the filing party an Order to Show Cause directing the party to show cause why the Authority should not dismiss the case. *See, e.g.*, *U.S. Atty's Off., S. Dist. of Tex. Houston, Tex.*, 57 FLRA 750 (2002).

3. Exhibit A to this Declaration includes an example of an Order to Show Cause that I issued on behalf of the three-member Authority in light of *Exclusions from Federal Labor-Management Relations Programs ("Exclusions Executive Order")*, Exec. Order No. 14251 (Mar. 27, 2025), 90 Fed. Reg. 14553 (Apr. 3, 2025). All of the Orders the Authority issued in response to the *Exclusions Executive Order* contained the same operative language.

4. Any person aggrieved by a final order of the three-member Authority may seek judicial review to extent allowed under 5 U.S.C. § 7123.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 11, 2025.

_____
ERICA BALKUM

# Exhibit 2-A

**FEDERAL LABOR RELATIONS AUTHORITY**
**WASHINGTON, D.C.**

---

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**
**FEDERAL CORRECTIONAL INSTITUTION**
**WILLIAMSBURG, SOUTH CAROLINA**
**(Agency)**

**and**

**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES**
**COUNCIL OF PRISON LOCALS #33**
**LOCAL525**
**(Union)**

**0-AR-5995**

---

**ORDER TO SHOW CAUSE**

**April 4, 2025**

---

On March 27, 2025, President Donald J. Trump amended Executive Order 12,171 (1979), pursuant to 5 U.S.C. § 7103(b)(1) and 22 U.S.C. § 4103(b), to exclude certain agencies and agency subdivisions from the coverage of the Federal Service Labor-Management Relations Statute (the Statute).[1] Accordingly, the Authority directs the Agency to show cause why the Authority should not dismiss this matter for lack of jurisdiction.[2] As described further below, the Union may reply to the Agency's response to this order.

The Agency must file its response to this order with the Authority by **April 18, 2025**. The Agency's response must also include a statement of service that complies with the Authority's Regulations showing that the Agency served its response on all counsel of record or other designated representatives.[3]

---

[1] Exclusions from Federal Labor-Management Relations Programs, Exec. Order No. 14251 (Mar. 27, 2025), 90 Fed. Reg. 14553 (Apr. 3, 2025).
[2] *See generally U.S. Att'y's Off., S. Dist. of Tex., Hous., Tex.*, 57 FLRA 750 (2002) (where President amended Executive Order 12,171 to exclude additional entity from Statute's coverage, Authority ordered affected parties to brief whether Authority lacked jurisdiction over their cases).
[3] 5 C.F.R. § 2429.27(a), (c).

The Agency should direct its response to Erica Balkum, Chief, Office of Case Intake and Publication, Federal Labor Relations Authority, 1400 K Street NW, Suite 300, Washington, D.C. 20424-0001.  The proper methods for filing documents with the Authority are set forth at § 2429.24(e) of the Authority's Regulations.[4]  As outlined in the Authority's Regulations, the Agency's response to the Authority must be filed by personal delivery, commercial delivery, first-class mail, or certified mail.[5]

The Agency's failure to comply with this order by **April 18, 2025**, may result in dismissal of the Agency's filing in this case.

If the Union chooses to file a reply to the Agency's response, then the reply must be filed with the Authority within *fourteen days* after service of the Agency's response.  The Union's reply must also be filed in accordance with the Authority's Regulations, including the requirement to file a statement of service showing that the Union served its reply on all counsel of record or other designated representatives.[6]

Requests for extensions of time must be in writing and received by the Authority not later than five days before the established time limit for filing.[7]  The request must state the position of the other party and must be served on the other party.[8]

Because the Authority's jurisdiction over this matter is in question, *the deadlines for any remaining filings in this case – except for responses or replies to this order – are temporarily suspended*.  Except for responses or replies to this order, you are not required to submit any further filings in this case until the Authority notifies you otherwise.

Procedural questions regarding this case should be directed to the Office of Case Intake and Publication at (771) 444-5805.

For the Authority:

                                             Erica Balkum, Chief
                                             Office of Case Intake and Publication

---

[4] *Id.* § 2429.24(e).
[5] *Id.*; *see also id.* § 2429.24(a) ("To file documents by personal delivery, *you must schedule an appointment at least one business day in advance* by calling [(771) 444-5805]." (emphasis added)).
[6] *Id.* §§ 2429.24(e); 2429.27(a), (c).
[7] *Id.* § 2429.23(a).
[8] *Id.*

**FEDERAL LABOR RELATIONS AUTHORITY**
**WASHINGTON, D.C.**

---

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**
**FEDERAL CORRECTIONAL INSTITUTION**
**WILLIAMSBURG, SOUTH CAROLINA**
**(Agency)**

**and**

**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES**
**COUNCIL OF PRISON LOCALS #33**
**LOCAL 525**
**(Union)**

**0-AR-5995**

---

**STATEMENT OF SERVICE**

---

    I hereby certify that copies of the Order of the Federal Labor Relations Authority in the subject proceeding have this day been served to the following:

<u>EMAIL</u>
Matthew E. Hirt
Senior Attorney
U.S. Department of Justice
Labor & Employment Law Office
145 N Street, NE, Suite 9W.300
Washington, DC  20530
████████████████████

Jenniffer A. Hinton
Supervisory Labor Relations Specialist
U.S. Department of Justice
Federal Bureau of Prisons
346 Marine Forces Drive
Grand Prairie, TX 75051
████████████████

Larry Nelson
National Representative
Council of Prison Locals (CPL 33) Local 408
████████████

Virgilina, VA 24598
cplnationalrep@gmail.com

Dated:
    4-4-25
WASHINGTON, D.C.

Erica Balkum, Chief