# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL TREASURY EMPLOYEES UNION,

    *Plaintiff*;

v.

DONALD J. TRUMP, *et al.*,

    *Defendants*.

Case No. 1:25-cv-935-PLF

Judge Paul L. Friedman

### DECLARATION OF MATTHEW E HIRT

I, Matthew E Hirt, declare, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am a Senior Attorney for the Labor and Employment Law Office, Justice Management Division, Human Resources Staff, at the United States Department of Justice ("DOJ"), and I have served in this role since 2001. In my current role I am responsible for assisting with department-wide oversight of DOJ's labor and employment law program, representing the Justice Management Division, and providing advice and guidance to all DOJ components on these matters. Based on personal knowledge and information provided to me in the course of my official duties, I provide this declaration in support of the Defendants' opposition to Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment in the above-captioned case.

    2.    Section 2 of Executive Order 14,251, Exclusions from Federal Labor-Management Relations Programs (the "Executive Order"), excludes DOJ, except for particular offices of the United States Marshals Service ("USMS"), from coverage under chapter 71 of title 5, United States

1

Code. Exec. Order No. 14,251 § 2, 90 Fed. Reg. 14553, 14553–54 (Apr. 3, 2025).[1]

  3. Earlier Executive Orders, issued by prior Presidents, exempted portions of DOJ from coverage under chapter 71 of title 5, United States Code.

    a. President Carter exempted the Office of Enforcement and the Office of Intelligence, including all domestic field offices and intelligence units, of the Drug Enforcement Administration ("DEA"). Exec. Order No. 12,171 § 1-209, 44 Fed. Reg. 66,565, 66,566 (Nov. 20, 1979). He also exempted all DEA units outside of the 50 States and the District of Columbia. *Id.* § 1-3, 44 Fed. Reg. at 66,566.

    b. President Reagan exempted multiple subdivisions of the USMS: the Office of Special Operations, the Threat Analysis Group, the Enforcement Operations Division, the Witness Security Division and the Court Security Division in the Office of the Director, and the Enforcement Division in the Offices of the United States Marshals. Exec. Order No. 12,559, 51 Fed. Reg. 18761, 18761 (May 22, 1986); Exec. Order No. 12,632, 53 Fed. Reg. 9,852 (Mar. 23, 1988).

    c. President George W. Bush exempted the United States Attorneys' Offices ("USAOs"); the DOJ Criminal Division; INTERPOL—U.S. National Central Bureau (which is organized under DOJ); DOJ's National Drug Intelligence Center; and DOJ's Office of Intelligence Policy and Review. Exec. Order No. 13,252, 67 Fed. Reg. 1,601 (Jan. 7, 2002). He later exempted DOJ's National Security Division ("NSD"), and the

---

[1] USMS is covered under chapter 71 of title 5, United States Code, except for the following offices (which are not covered): Office of Special Operations; the Threat Analysis Group; the Enforcement Operations Division; the Witness Security Division and the Court Security Division in the Office of the Director; and the Enforcement Division in Offices of the United States Marshals. Exec. Order No. 12,559, 51 Fed. Reg. 18761, 18761 (May 22, 1986).

Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Exec. Order No. 13,480 § 4, 73 Fed. Reg. 73,991, 73,992 (Dec. 4, 2008).

    d.    Additionally, the Federal Service Labor-Management Relations Statute ("FSLMRS") itself exempts the Federal Bureau of Investigation ("FBI") from coverage. 5 U.S.C. § 7103(a)(3)(B).

4.    DOJ performs investigative, intelligence, and national security work as primary functions. *See* 28 U.S.C. § 509A; 28 U.S.C. § 533; 28 U.S.C. § 566. DOJ's mission includes defending the interests of the United States, ensuring public safety against threats foreign and domestic, and providing federal leadership in preventing and controlling crime. That mission to protect public safety, particularly against foreign threats, advances national security. Consistent with that mission, DOJ litigating divisions prosecute terrorists and other foreign threats against U.S. citizens, while other DOJ components investigate and prevent hostile actions. DOJ's national security and intelligence missions are carried out principally (but not exclusively) by NSD, which "consist[s] of the elements of the Department of Justice … engaged primarily in support of the intelligence and intelligence-related activities of the United States Government." 28 U.S.C. § 509A(b). DOJ performs classic investigative work by investigating whether federal crimes have been committed and prosecution warranted. Many DOJ components, including the FBI, ATF, DEA, USAOs, and the litigating divisions, all have as a primary function investigating whether crimes have been committed. DOJ also serves an important and primary role in coordinating efforts between prosecutors and law enforcement agencies, on the one hand, and intelligence attorneys and the nation's Intelligence Community, on the other, thus strengthening the effectiveness of the Federal Government's national security efforts. *See* https://www.justice.gov/nsd/our-work. The Bureau of Prisons conducts internal investigations

into inmate activities, including identifying and monitoring terrorist inmates' communications. *See* U.S. Dept. of Just. Off. of the Inspector General, *DOJ OIG Releases Report on the BOP's Monitoring of Inmate Communications to Prevent Radicalization* (Mar. 25, 2020), https://oig.justice.gov/news/doj-oig-releases-report-bops-monitoring-inmate-communications-prevent-radicalization.

5. The Department of Justice is one of the primary government agencies charged with protecting the national security interests of the United States. One of the primary methods used to provide for the national security of the nation is investigative work. This includes the Civil Rights Division ("CRT") and the Environment and Natural Resources Division ("ENRD") which currently have National Treasury Employees Union ("NTEU") bargaining units that were certified in January 2025. Both of these components have criminal sections and other offices whose work has a direct effect on national security. The requirements of the FSLMRS do not comport with these responsibilities because of the need for quick decisions that require immediate action in order to protect national security interests. That can include the need to transfer attorneys from one office or one division to another either temporarily or permanently to assist in the investigation and prosecution of suspected terrorists. It can also include the need to assign new work responsibilities to staff in order to meet exigent needs. The notice and bargaining requirements as well as other elements of the FSLMRS serve as an impediment to these needs and others.

6. The Department of Justice does not currently have any collective bargaining agreements ("CBAs") with NTEU. NTEU does represent two certified bargaining units in DOJ located in the ENRD and CRT. Both units were newly certified in January 2025 and represent attorneys within each division.

7. None of these employees is currently subject to a collective bargaining agreement

4

with NTEU or one of its affiliates as no agreements have been negotiated since the certification of the units in January 2025.

8.  DOJ would enjoy the following benefit from the prevention of CBAs: the continued necessary flexibility to move personnel and responsibilities between components and offices without first having to engage beforehand in extensive bargaining. DOJ has a very important national security role that all components directly are a part of or directly support. To properly meet its national security mission, DOJ needs to maintain its flexibility to respond quickly to immediate threats.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 23, 2025.

_____
Matthew E Hirt