IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL TREASURY EMPLOYEES UNION
800 K Street N.W., Suite 1000
Washington, D.C. 20001,

      Plaintiff,

  v.

DONALD J. TRUMP,
President of the United States
1600 Pennsylvania Avenue N.W.
Washington, D.C. 20500, *et al.*,

      Defendants.

Case No. 1:25-cv-00935 (PLF)

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE AND PLAINTIFF'S SUPPLEMENTAL STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

**I. Plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute**

Pursuant to Rule 7(h)(1), Plaintiff National Treasury Employees Union (NTEU) respectfully submits the following response to Defendants' Statement of Material Facts Not in Dispute, ECF No. 45-2.

 **Defendant's assertion**: 1. On March 27, 2025, the President of the United States issued Executive Order 14,251. Exec. Order No. 14,251, 90 Fed. Reg. 14553 (Apr. 3, 2025).

 **Plaintiff's response**: Plaintiff does not dispute.

 **Defendants' assertion**: 2. The President issued Executive Order 14,251 under the authority vested in him by the Constitution and the laws of the United States of America, including section 7103(b)(1) of title 5 of the U.S. Code. *Id.*

 **Plaintiff's response**: Plaintiff does not dispute that Executive Order 14,251 states that the President issued the Order under the authority vested in him

1

by the Constitution and the laws of the United States of America, including section 7103(b)(1) of title 5 of the U.S. Code. If Defendants are stating that the President lawfully executed his Constitutional and statutory authority, that is a legal conclusion and not a statement of fact.

**Defendants' assertion**: 3. Section 2 of Executive Order 14,251 applies to certain agencies and agency subdivisions, including, as relevant here:

> a. Office of Personnel Management's (OPM) Office of the Chief Information Officer (OCIO), and any other OPM agency or subdivision that has information resources management duties as the agency or subdivision's primary duty. Plaintiff National Treasury Employees Union (NTEU) does not represent any OPM employees in the covered subdivision(s).

> b. The Department of Justice.

> c. Agencies or subdivisions of the Department of Health and Human Services: (i) Office of the Secretary; (ii) Food and Drug Administration (FDA); (iii) Centers for Disease Control and Prevention (CDC); (iv) Administration for Strategic Preparedness and Response (ASPR); (v) Office of the General Counsel; (vi) Office of Refugee Resettlement, Administration for Children and Families (ORR); (vii) National Institute of Allergy and Infectious Diseases, National Of these subdivisions, Plaintiff NTEU only represents HHS employees in the following components: Office of the Secretary, including the Office of General Counsel; FDA; ASPR; and ORR.

> d. The Environmental Protection Agency.

> e. The Department of Energy, except for the Federal Energy Regulatory Commission.

> f. The Federal Communications Commission.

> g. The Department of the Treasury, except the Bureau of Engraving and Printing. Plaintiff NTEU named as Defendants in this action several officials within the Department of the Treasury, all in their official capacities, including: the Secretary of the Treasury; the Acting Commissioner of the Internal Revenue Service; the Chief Counsel, Office of Chief Counsel, Internal Revenue Service; the Commissioner, Bureau of the Fiscal Service; the Administrator, Alcohol and Tobacco Tax and Trade Bureau; and the Acting Comptroller of the Currency, Office of the Comptroller of the Currency.

> h.  The Department of the Interior, Bureau of Land Management. [In footnote one, Defendants further state:] Section 2 of Executive Order 14,251 also applies to certain other agencies or subdivisions of the Department of the Interior that are not relevant here because Plaintiff NTEU named as a Defendant in this action the Acting Director of the Bureau of Land Management, and not the Secretary of the Interior or any officials of any other Department of Interior agencies or subdivisions. Exec. Order No. 14,251 at § 2, 90 Fed. Reg. at 14553–54.

**Plaintiff's response:** Plaintiff does not dispute except to state that NTEU also represents employees within CDC of HHS.

**Defendants' assertion**:  4.  Pursuant to Section 7103(b)(1), the President determined that "[t]he agencies and agency subdivisions set forth in section 2 of this order are hereby determined to have as a primary function intelligence, counterintelligence, investigative, or national security work." *Id.* at § 1, 90 Fed. Reg. at 14553 (identifying the agencies and agency subdivisions).

**Plaintiff's response**:  Plaintiff does not dispute that Executive Order 14,251 states that the President determined that "[t]he agencies and agency subdivisions set forth in section 2 of this order are hereby determined to have as a primary function intelligence, counterintelligence, investigative, or national security work." If Defendants are asserting that the President's stated determination is lawful, that is a legal conclusion.

**Defendants' assertion**:  5.  Pursuant to Section 7103(b)(1), the President "determined that Chapter 71 of title 5, United States Code, cannot be applied to these agencies and agency subdivisions in a manner consistent with national security requirements and considerations." Exec. Order No. 14,251, § 1, 90 Fed. Reg. at 14553.

**Plaintiff's response**:  Plaintiff does not dispute that Executive Order 14,251 states that the President "determined that Chapter 71 of title 5, United States Code, cannot be applied to these agencies and agency subdivisions in a manner consistent with national security requirements and considerations." If Defendants are asserting that the President's stated determination is lawful, that is a legal conclusion.

## II. Plaintiff's Supplemental Statement of Material Facts Not in Dispute

Plaintiff NTEU submits the following supplemental facts in support of its Motion for Summary Judgment, ECF No. 43:

1. On April 25, 2025, the president of NTEU Chapter 345, the Environment and Natural Resources (ENRD) bargaining unit at the Department of Justice (DOJ), sent three bargaining demands to DOJ management. Supplemental Declaration of Daniel Kaspar (Kaspar Supp. Decl.) (July 3, 2025) ¶ 2. The chapter president stated as follows in the cover email: "Please note that these follow an order issued this afternoon in Case No. 25-935 enjoining defendants (including the Attorney General) from implementing Section 2 of the Executive Order, Exclusions from Federal Labor-Management Relations Programs (Mar. 27, 2025) and declaring that order and OPM guidance implementing it to be unlawful." *Id.* ¶ 2, Ex. 1.

2. As of July 3, 2025, DOJ had not responded to NTEU Chapter 345's April 25 requests to bargain. *Id.* ¶ 2.

3. On May 14, 2025, the Chapter 345 President again emailed DOJ management, adding another request to bargain concerning worksite monitoring. *Id.* ¶ 3, Ex. 2.

4. As of July 3, 2025, DOJ had not responded to the May 14 request to bargain. *Id.* ¶ 3.

5. DOJ is required to bargain with NTEU, the duly elected exclusive representative of its ENRD bargaining-unit employees, under 5 U.S.C. § 7114(b)

4

and other provisions of the federal labor statute. 5 U.S.C. § 7101 *et seq.*; Kaspar Supp. Decl. ¶ 4.

6. On June 9, 2025, the Food and Drug Administration (FDA) sent a notice entitled "Notification Regarding Cessation of Labor Relations Activities" to a group of employees addressed as "Managers and Supervisors." Kaspar Supp. Decl. ¶ 5, Ex. 3. The notice stated that "[d]ue to the stay of the injunction . . . the FDA will cease all recognition of labor organizations and suspend participation in all labor-related activities . . ." *Id.* Among the bullet points detailing specific activities to be halted, the notice stated: "No further grievance arbitration proceedings will be conducted following the termination of collective bargaining agreements." *Id.*

7. FDA's notice also asserted that the agency was "no longer subject to the collective bargaining requirements under Chapter 71 of Title 5, United States Code (5 U.S.C. §§ 7101–7135)." *Id.*

8. FDA's failure to recognize NTEU as exclusive representative and participate in the activities listed in its June 9 notice is inconsistent with, at a minimum, Articles 5 and 7 (meetings); Article 45 (grievance procedures); and Article 46 (arbitration) of the collective-bargaining agreement (CBA) between the Department of Health and Human Services (HHS) and NTEU. *Id.* ¶ 6.

9. On June 9, 2025, the Department of Energy (DOE) canceled a labor-relations meeting scheduled for the next day. *Id.* ¶ 7. The cancellation notice stated: "The June session of the Health and Safety committee meeting is canceled due [to] labor relations functions being held in abeyance pending litigation on Executive

Order 14251, *Exclusions from Federal Labor-Management Relations Programs.*" *Id.* ¶ 7, Ex. 4. DOE's calendar invitation for the cancelled meeting included the following statement: "This meeting is in accordance with Article 14, Section 14.03(E)(1) of the 2021 DOE HQ–NTEU CBA." *Id.* Ex. 4.

10.    DOE is required to participate in Labor-Management Relations Committees and subcommittees with NTEU under Article 14 of the DOE–NTEU CBA. *Id.* ¶ 8.

11.    Following a June 10, 2025 prehearing conference, Arbitrator Christopher David Ruiz Cameron issued a June 12 Order granting the Internal Revenue Service's (IRS) motion to continue an arbitration hearing. *Id.* ¶ 9. In the course of ruling on the motion, Arbitrator Cameron noted that he had consulted with several other members of the National Academy of Arbitrators regarding the effects of Executive Order 14,251 and pending litigation regarding its lawfulness. *Id.* ¶ 9, Ex. 5.

12.    Arbitrator Cameron stated in his Order that he "was advised by a number of other Academy members that they have faced or are facing disputes similar to the one presented here, and plan to postpone the scheduling of new hearings until the Pending Litigation is resolved." *Id.*

13.    Arbitrator Cameron ordered that the arbitration before him would "be held in abeyance until such time as the Pending Litigation is resolved." *Id.* (emphasis omitted).

14. Article 43 of the IRS–NTEU CBA requires the IRS to participate in arbitration proceedings consistent with the procedures specified therein. *Id.* ¶ 10.

15. On June 18, 2025, an HHS representative informed NTEU leaders that the agency would not allow an employee to use a union representative in a reasonable-accommodation appeal, stating that "[i]n accordance with Executive Order 14251, . . . management will discontinue communications with NTEU in its capacity as a labor representative." *Id.* ¶ 11, Ex. 6.

16. On June 24, 2025, an employee responded to a message from the NTEU Legislative Department asking for an explanation of how NTEU was benefiting him given the many executive orders stripping away federal-employee rights. *Id.* ¶ 12, Ex. 7. The employee wrote: "I joined NTEU just as many executive orders took effect. . . . I am having difficulty understanding how my membership in NTEU is actually benefitting my life." *Id.*

17. The Defense Finance and Accounting Service (DFAS) is the payroll processor for DOE and HHS. DFAS informed NTEU on May 30 that it would stop collecting and remitting dues for these agencies starting with the pay period ending on May 31. *Id.* ¶ 14.

18. The Department of Energy collected and remitted dues payments for the pay period ending on June 14. *Id.*

19. HHS collected and remitted some, but not all, of the member dues owed to NTEU for the pay period ending on June 14. *Id.*

20. NTEU continues to lose out on over $1 million in member dues per two-week pay period because agencies have stopped processing dues payments via payroll deductions (as 5 U.S.C. § 7115(a) and the applicable CBAs require), in line with the Executive Order. *Id.* ¶ 15.

Respectfully submitted,

 */s/  Julie M. Wilson*
JULIE M. WILSON
General Counsel
D.C. Bar 482946

 */s/  Paras N. Shah*
PARAS N. SHAH
Deputy General Counsel
D.C. Bar 983881

 */s/  Allison C. Giles*
ALLISON C. GILES
Assistant Counsel
D.C. Bar 439705

 */s/  Jessica Horne*
JESSICA HORNE
Assistant Counsel
D.C. Bar 1029732

 */s/  Kathryn W. Bailey*
KATHRYN W. BAILEY
Assistant Counsel
D.C. Bar 1643256

 */s/ Lindsay Dunn*
LINDSAY DUNN (pro hac vice)
Assistant Counsel
N.Y. Bar 4574224

                                NATIONAL TREASURY EMPLOYEES UNION
                                800 K Street N.W., Suite 1000
                                Washington, D.C. 20001
                                (202) 572-5500
                                julie.wilson@nteu.org
                                paras.shah@nteu.org
                                allie.giles@nteu.org
                                jessica.horne@nteu.org
                                kathryn.bailey@nteu.org
                                lindsay.dunn@nteu.org

July 7, 2025                    Counsel for Plaintiff NTEU